IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN E. MOORE,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

Civil Action No.:  PX-21-2960

**MEMORANDUM OPINION**

Petitioner Brian Moore has filed suit, alleging that he has been improperly confined pending appeal of his criminal conviction and has been subject to cruel and unusual punishment arising from his exposure to COVID-19.  ECF Nos. 1,4.  Although the Petition originally had been filed as one brought pursuant to 28 U.S.C. § 2254, upon closer review, it is more properly construed as a Petition brought under 28 U.S.C. § 2241.  *See Boling v. Superior Court of Dist. Of Columbia*, 2012 WL 6761508 at *3 (D.S.C. Nov. 29, 2012) (28 U.S.C. § 2254 is not available to attack collaterally a District of Columbia conviction).  Respondent urges the Court to dismiss the Petition (ECF No. 12), and Moore has replied.  ECF Nos. 15, 17. Finding no need for a hearing, *see* Loc. R. 105.6, and for the following reasons, the Petition is dismissed and a certificate of appealability will not issue.[1]

---

[1] Also pending is Moore's Motion to Appoint Counsel (ECF No. 5).  Rule 8(c) of the Federal Rules Governing § 2254 Habeas Corpus Cases requires the appointment of counsel only when an evidentiary hearing is required to resolve the motion.  Because no hearing is necessary, the motion is denied.

**I.     Background**

For several months in the spring and summer of 2018, Moore was detained awaiting trial in the D.C. Superior Court for violation of a civil protective order.  ECF No. 1 at 14.  While preparing for that trial, Moore told his attorney that he wished to shoot the prosecutor. This prompted a second criminal prosecution in which he was charged with two counts of obstruction by threatening a federal employee, in violation of D.C. Code § 22-722(a)(5) and two counts of threatening a federal employee, in violation of D.C. Code § 22-851.  ECF No. 1 at 10-11.

In the second prosecution, Moore was convicted of all counts and sentenced to 96 months' imprisonment.  ECF No. 12-1 at 13-15; ECF No. 1 at 12.  Moore appealed the conviction and sentence and collaterally attacked his conviction in a separate petition brought pursuant to D.C. Code § 23-110.  ECF Nos. 12-2; 12-3; 12-4; and 12-5. ECF No. 12-2 at 16-19 ("the 23-110 Petition").  In the 23-110 Petition, Moore complains principally about the effectiveness of his trial counsel.  *Id.*

At the time he filed the Petition in this case, neither his direct appeal nor the 23-110 Petition had been decided, and so he asks this Court to release him.  ECF No. 1 at 1, 9; ECF No. 2 at 5. Moore also argues that release is warranted because he has already contracted COVID-19, and the circumstances surrounding the pandemic have aggravated his sciatica and chronic neck pain.  ECF No. 4 at 1-2.  For the following reasons, the Petition must be denied and dismissed.

**II.    Discussion**

The Court begins with Moore's requests to the extent they concern issues raised in his 23-110 petition. Section 23-110(g) of the D.C. Code provides that where a prisoner "is authorized to apply for relief by motion pursuant to this section," no other court may consider the motion "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his

detention." D.C. Code § 23-110(g). Section 23-110(g) grants the D.C. Superior Court "exclusive jurisdiction over most collateral challenges by prisoner sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D. C. Cir. 2009). *See also Swain v. Pressley*, 430 U.S. 372, 375 (1977). Thus, unless Moore can demonstrate that the remedy accorded under § 23-110 is inadequate or ineffective as to his particular challenge, this Court cannot reach any related issues. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998); *Upshur-Bey v. Stewart*, 2018 WL 1583553 at *3 (D. Md. Apr. 2, 2018).

To the extent Moore attempts to resurrect the substance of his § 23-110 Petition, namely effectiveness of his trial counsel, the claims must be dismissed. *See Williams*, 586 F.3d at 1000. *Cf. Samuel v. United States*, 435 A.2d 392, 393 (D.C. 1981) (vacating denial of § 23-110 motion and remanding for evidentiary hearing on claim that counsel failed to file notice of appeal). Likewise, to the extent Moore is challenging decisions denying his release pending appeal, those too must be brought pursuant to § 23-110 in D.C. Superior Court. *See* § 23-110(g). This Court lacks authority to address those claims.

The Government concedes, however, that § 23-110(g) does not preclude challenges to conditions of confinement related to his incarceration at FCI Cumberland. ECF No. 12 at 8. *See Neal v. Director*, 684 F.2d 17, 18-19 (D.C. Cir. 1982). But as to any claim challenging his current conditions of confinement, Moore has failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a); *see also Seth v. McDonough,* 461 F. Supp. 3d 242, 256 (D. Md. 2020) (where a claim would not exist but for the conditions of confinement, the habeas claim is at its core a challenge to prison conditions and the PLRA exhaustion requirement applies). To exhaust those claims, Moore must first pursue the remedies afforded by the BOP's Administrative Remedy Program. *See* 28 C.F.R. § 542.10 *et seq.* Nothing

suggests Moore has pursued these remedies. Thus, the claims must be dismissed without prejudice on exhaustion grounds.

Nor do any prior motions for compassionate release while housed at another facility, FCI-Hazleton, suffice. Although the motion may have touched on the same subject – Moore's contention that COVID-19 has made his prison time harder – the compassionate release motion involves a wholly separate facility and different decisionmakers and is brought under a different statutory scheme. *See* 18 U.S.C. § 3582. ECF No. 12-6. Moore's efforts in that respect do not affect his need to exhaust his claims related to FCI Cumberland.

In light of the foregoing, Petitioner cannot establish that his constitutional or statutory rights are being violated or that he is detained under conditions that violate his rights. There is simply no basis for § 2241 relief on the grounds that Moore pursues. The Petition is denied.

## III.  Certificate of Appealability

Having found that the Petition does not present a claim upon which federal habeas relief may be awarded, a certificate of appealability should not issue. Such certificate is available "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Because Moore has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Moore may still

request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

A separate Order follows.

| | |
|---|---|
| 8/3/22 | /S/ |
| Date | Paula Xinis<br>United States District Judge |